UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5295-MMM (SP) | Date | June 25, 2012 |
|---|---|---|---|
| Title | LENROY MCLEAN v. WARDEN GUITERREZ, FCI VICTORVILLE | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:**  (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to State Cognizable Ground for Habeas Relief

On June 18, 2012, petitioner filed a habeas corpus petition under 28 U.S.C. § 2241, in which petitioner contends his rights have been violated because staff negligence resulted in the loss of his trial transcripts. After reviewing the petition, the court finds that it does not appear to state a cognizable ground for habeas corpus relief.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). With the instant 2241 petition, petitioner challenges the loss of his property, but he does not appear to be seeking release from custody, nor is he challenging the legality of his current custody. Instead, petitioner is contending that the conditions of his custody – the conditions that resulted in the loss of his property – have deprived him of his rights to meaningfully pursue collateral relief.

Because the fundamental nature of petitioner's 2241 petition is a challenge to the conditions of his confinement rather than to the legality of his confinement, it is not cognizable on habeas corpus review. *See, e .g., Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of prison confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S. Ct. 1242; 161 L. Ed. 2d 253 (2005) (discussing the relationship between § 1983 and the federal habeas statutes); *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [citation]; requests for relief turning on circumstances of confinement may be presented

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5295-MMM (SP) | Date | June 25, 2012 |
|---|---|---|---|
| Title | LENROY MCLEAN v. WARDEN GUITERREZ, FCI VICTORVILLE | | |

in a § 1983 [civil rights] action.").

Although petitioner appears not to have presented a proper petition for writ of habeas corpus, the court has discretion to construe the 2241 petition as a civil rights complaint. *See Willwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a civil rights complaint despite deliberate choice by petitioner to proceed on habeas), superceded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). But if the court were to construe the instant 2241 petition as a civil rights complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) -- which allows a plaintiff to sue a federal officer for civil rights violations under color of federal law -- that would have a number of consequences.

First, the court is unable to treat the petition as a civil rights complaint at this time, because petitioner has not paid the $350 filing fee required for such a complaint to be filed. Although petitioner may file a request to proceed without prepayment of the $350 filing fee, he has not filed such a request at this time.

In addition, construing the instant habeas petition as a civil rights complaint would require the court to screen the petition/complaint under the Prison Litigation Reform Act, which obligates the court to review complaints filed by all persons proceeding in forma pauperis, and by prisoners seeking redress from government entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Although the court has not thoroughly screened the petition as a civil rights complaint at this time, the court's cursory review reveals certain defects. In particular, petitioner appears not to have named a proper defendant for a civil rights action. Petition names as the sole respondent Warden Gutierrez, the warden of his prison, as is proper in habeas petitions. But he has not alleged any facts suggesting that the warden was personally involved in the deprivation of rights of which he complains. A supervisory position is an insufficient basis for civil rights liability. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (holding that "*respondeat superior* is inapplicable to *Bivens*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5295-MMM (SP) | Date | June 25, 2012 |
|---|---|---|---|
| Title | LENROY MCLEAN v. WARDEN GUITERREZ, FCI VICTORVILLE | | |

actions"). "Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.2d 491, 496 (2d Cir. 2006).

In addition, it is not clear that petitioner is alleging a constitutional violation. Instead, he appears to allege mere negligence, which appears to suggest a tort claim rather than a civil rights violation. Under the Federal Tort Claims Act ("FTCA") (*see* 28 U.S.C. §§ 1346(b), 2671-2680), a claim against the United States is the "exclusive" remedy for plaintiffs seeking to recover damages from the "negligent or wrongful act or omission of any employee of the Government . . . acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The FTCA holds that individual government employees are not personally liable for tort claims against them while acting in the course and scope of their employment. 28 U.S.C. § 2679(d). Instead, "the United States is the only proper party defendant in an FTCA action . . . ." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). Thus, it appears that it may be futile for the court to construe the petition as a civil rights complaint.

Petitioner is further advised that civil rights complaints by prisoner are subject to dismissal for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997(e) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Compliance with this exhaustion requirement is required. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). A plaintiff challenging the conditions of confinement must exhaust available administrative remedies before filing suit even if it would be futile to do so because, for example, the plaintiff seeks only money damages and administrative procedure cannot provide payment. *Booth*, 532 U.S. at 740-41. Moreover, § 1997e(a) requires that an action be dismissed unless administrative remedies were exhausted *before* the prisoner filed suit, even if the prisoner later completed exhaustion while the suit was pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Such failure to exhaust is an affirmative defense, which a defendant may raise in an "unenumerated" motion to dismiss under Fed. R. Civ. P. 12(b). *Wyatt v. Terhune*, 315 F.3d 1108, 1117-19 & n.9 (9th Cir. 2003).

Based on the foregoing, petitioner is hereby **Ordered to Show Cause** in writing by no later than **July 23, 2012** why the instant 2241 petition should not be dismissed for failure to state a cognizable ground for habeas corpus relief. Petitioner may comply with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5295-MMM (SP) | Date | June 25, 2012 |
|---|---|---|---|
| Title | LENROY MCLEAN v. WARDEN GUITERREZ, FCI VICTORVILLE | | |

this Order to Show Cause by electing one of the following options:

**Option 1:**

If petitioner contends that he in fact has stated a cognizable ground for habeas corpus relief under 28 U.S.C. § 2241, he may file a written response in which he clearly explains his bases and reasons for this contention.

**Option 2:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is enclosed for petitioner's convenience.**

If petitioner wishes, petitioner may thereafter file a civil rights or other civil complaint raising the matters complained of in the petition.  **A blank Central District civil rights complaint form is enclosed for petitioner to use in filing any such complaint if petitioner wishes.**  The court cautions petitioner, however, that any such complaint may be subject to dismissal for the reasons set forth above, as well as other reasons not identified herein.  In addition, the court warns petitioner that any claims he may wish to raise in a complaint may be time-barred by the statute of limitations applicable to such claims.  Finally, any such complaint must be accompanied by a $350 filing fee, or by a Request to Proceed without Prepayment of Filing Fees, which must be supported with a Declaration in Support that includes the certificate of an authorized officer at plaintiff's current place of confinement and attaches a certified copy of plaintiff's trust account statement for the last 6 months in accordance with 28 U.S.C. § 1915(a)(2).

**Option 3:**

Petitioner may ask the court to construe the 2241 petition as a civil rights complaint.  However, the court will not grant such a request unless it appears that it would not be futile to do so.  For the reasons identified above, it now appears to the court that it would be futile to construe the instant 2241 petition as a civil rights complaint.  Accordingly, if petitioner asks the court to construe the 2241 petition as a civil rights complaint, petitioner should also clearly explain why it would not be futile for the court to do so.

Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected *no later than July 23, 2012*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5295-MMM (SP) | Date | June 25, 2012 |
|---|---|---|---|
| Title | LENROY MCLEAN v. WARDEN GUITERREZ, FCI VICTORVILLE | | |

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed for failure to state a cognizable claim, for failure to prosecute, and/or for failure to obey court orders.**